UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. STEPHEN W. ATCHESON, Defendant. | Case No. 4:95-cr-00015-DCN **MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

In 1995, as part of sentencing in this matter, the Court[1] imposed restitution in the amount of $15,255. Dkt. 269.[2] On April 29, 2024, Defendant Stephen Atcheson filed a Motion to Terminate Liability on Restitution. Dkt. 384. The Government elected not to respond, and the matter is now ripe for adjudication.

Having reviewed the complete record in this matter and Atcheson's Motion, the Court finds that the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[3]

---

[1] Judge Edward J. Lodge presided over this case, including the underlying trial, the original sentencing, and the first resentencing. However, due to Judge Lodge taking inactive senior status, the matter was reassigned to Judge B. Lynn Winmill in 2019. Dkt. 341. The case was subsequently transferred to the undersigned in 2021. Dkt. 371.

[2] Because of the age of this case, many of the documents are not contained in the Court's electronic case management system but are saved in paper form in the Court's archives. The Court will, however, cite to the relevant docket as appropriate to memorialize accurate dates. Relevant here, the Court's original judgment is not contained in the docket. That said, the restitution amount is listed in later documents.

[3] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

MEMORANDUM DECISION AND ORDER - 1

Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

On June 7, 1995, following a jury trial, Atcheson was convicted of fifteen charges for his role in kidnapping and holding eight people hostage at a building in Pocatello, Idaho. Dkt. 147. Judge Lodge sentenced Atcheson to 660 months imprisonment for his crimes. Dkt. 161.

On February 27, 1997, after Atcheson's original sentence was appealed and remanded, Judge Lodge resentenced Atcheson to a term of 480 months. Dkt. 198.

On March 16, 2020, Judge Winmill resentenced—via stipulation of the parties—Atcheson to a term of 360 months in light of recent Supreme Court caselaw. Dkt. 343.

According to Atcheson, that sentence has now run. Dkt. 384, at 1. However, while incarcerated, Atcheson was sentenced in a separate case out of California to 180 months for an incident during his time at FCI Victorville. *Id*. He has been housed at ADX Florence (supermax) since 2009. And while *that* sentence will not conclude until 2033, Atcheson seeks termination of his restitution obligations for this Idaho case presumably because his prison account is garnished in order to make nominal payments.

## III. DISCUSSION

Atcheson does not identify a legal standard for his present motion. He simply asks that the Court terminate his "liability from the restitution imposed in 1995." *Id*., at 1.

In support of his request that the Court terminate his liability on restitution, Atcheson explains he is 65-years old and in poor health, has no way to earn money while incarcerated, and does not receive funds from outside sources as justification for his

MEMORANDUM DECISION AND ORDER - 2

request. *Id.*[4]

To begin, if the Court construes Atcheson's Motion as an objection to, or an appeal of, the restitution imposed as part of sentencing in this case, it is extremely untimely.

"A court generally may not correct or modify a sentence of imprisonment once it has been imposed." *United States v. Aguilar-Reyes*, 653 F.3d 1053, 1055 (9th Cir. 2011) (citing 18 U.S.C. § 3582(c)). "A court may modify such a sentence only 'to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.'" *Id*. (quoting 18 U.S.C. § 3582(c)(1)(B)).

Rule 35(a) provides that a court may correct a sentence that resulted "from arithmetical, technical, or other clear error," within fourteen days of sentencing. Fed. R. Crim. Pro. 35(a). The Ninth Circuit has held that the fourteen-day deadline is jurisdictional, which means that district courts lose the power to amend a sentence after fourteen days. *Aguilar-Reyes*, 653 F.3d at 1055. Sentencing in this matter took place in 1995. While resentencing took place in 1997 and 2020, neither of those later events altered the restitution award, only the sentence itself.  Dkt. 279. Thus, Atcheson needed to file this objection or appeal roughly thirty years ago.[5]

Next, the Court looks to whether a monetary order can be altered or suspended. The statutes at issue speak in terms of "fines" that are imposed as part of sentencing and how,

---

[4] The Court notes that, years ago, Atcheson asked Judge Lodge to disallow the Bureau of Prisons from collecting restitution, alleging it did not have the authority to do so. Dkt. 267. Judge Lodge explained the caselaw Atcheson relied upon in making his request was inapplicable and reiterated the restitution award still applied. Dkt. 269. Importantly, Judge Lodge also explained that, even though Atcheson had very little money, he was still required to pay restitution when sufficient funds became available. *Id*. at 2.

[5] As alluded to, Atcheson did, in fact, appeal his sentence. Dkt. 167. And that appeal was successful. Dkt. 181. But restitution was never included as part of Atcheson's appeal.

MEMORANDUM DECISION AND ORDER - 3

or when, they can be modified. Restitution is not specifically mentioned. Nevertheless, the Court finds the framework helpful for its analysis today.

A fine that is imposed as part of a sentence "can subsequently be – (1) modified or remitted under section 3573; (2) corrected under rule 35 of the Federal Rules of Criminal Procedure and section 3742; or (3) appealed and modified under section 3742." 18 U.S.C. § 3572(c).

None of the three enumerated reasons appear to apply here. However, if the Court casts a wide net and gives Atcheson the benefit of the doubt, it could arguably find that another subsection within that statute—18 U.S.C. § 3572(d)(1)—is relevant . Under that statute, a court can order that a prisoner pay "a fine or other monetary penalty, *including restitution*" in various ways such as "immediately," "on a date certain[,] or in installments." 18 U.S.C. § 3572(d)(1) (emphasis added). If the judgment "permits payments in installments," "the defendant [must] notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine," and "[u]pon receipt of such notice[,] the court *may* . . . adjust the payment schedule[.]"18 U.S.C. § 3572(d)(3) (emphasis added).

Here, Judge Lodge ordered restitution payable immediately, but allowed Atcheson to submit nominal payments while incarcerated and then on a monthly payment plan once on supervised release. Judge Lodge reiterated as much in his 2006 order denying Atcheson's prior challenge to restitution. Thus, the Court finds this subsection could be

utilized to modify the restitution or the payment schedule.[6]

The problem here, however, is that none of Atcheson's proffered reasons for excusing restitution constitute truly "material changes" in his economic circumstances.

His age and health—while understandable—are of little significance given that every inmate with a sentence as lengthy as Atcheson's experiences such circumstances. Similarly, that Atcheson does not receive financial assistance from others, or that he receives minimal to no income while in prison, do not constitute material changes to his financial circumstances, but rather are the reality most criminal defendants face while incarcerated.

Simply put, none of Atcheson's justifications for excusing the restitution order rise to the level necessary for the Court to reconsider what was previously imposed.

To be sure, Courts should look at a defendant's financial resources as part of its analysis when setting the terms of a fine and/or continuing those terms. U.S.S.G. § 5E1.2(a). But Judge Lodge would have already done this as part of sentencing. What's more, he clarified in his subsequent order that if Atcheson was not making much money, payments would not be required as often. Dkt. 269, at 2 (explaining that, instead of the normal quarterly payments of $25, Atcheson would pay $25 installments when "sufficient funds become available in [his] inmate account"). Thus, shy of expunging the restitution order completely, the Court has already put Atcheson on the simplest (and most lenient)

---

[6] Importantly, this subsection *does not* appear to allow the Court to wholesale excuse any monetary penalty previously imposed; rather, it allows modification of payment *schedules*. Thus, this section is similarly not a perfect fit for Atcheson's request. The Court, however, will not continue to search for avenues and methods under which Atcheson could bring this request, but will simply review the request as an exercise of its discretion.

MEMORANDUM DECISION AND ORDER - 5

payment plan possible.

Atcheson has not provided the Court with any raw numbers regarding his financial circumstances. He simply claims he has limited resources and will basically never be able to pay full restitution in light of his extremely limited income. Because of Atcheson's scant filing, the Court cannot truly know how, and to what extent, his economic situation has changed. But even assuming the worst, the Court would still not excuse the restitution Judge Lodge imposed, or reduce the payment schedule any further than it already has.

## IV. CONCLUSION

Atcheson's Motion is severely lacking in detail. Nevertheless, the Court has reviewed this case, the sentence imposed, and relevant rules and statutes regarding modifying criminal restitution orders. In the end, the Court finds that the restitution imposed remains appropriate under the circumstances. It will not waive or excuse Atcheson from payment. The Motion is DENIED.

## V. ORDER

It is **HEREBY ORDERED**:

1. Atcheson's Motion to Terminate Liability (Dkt. 384) is **DENIED**.

DATED: May 30, 2024

David C. Nye  
Chief U.S. District Court Judge